*Honickman v. Blom Bank SAL*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of February, two thousand twenty four.

PRESENT:

> DENNIS JACOBS,
> RICHARD C. WESLEY,
> BETH ROBINSON,
> > *Circuit Judges*.

_____

MICHAL HONICKMAN, Individually and for the Estate of HOWARD GOLDSTEIN, EUGENE GOLDSTEIN, LORRAINE GOLDSTEIN, RICHARD GOLDSTEIN, BARBARA GOLDSTEIN INGARDIA, MICHAEL GOLDSTEIN, CHANA FREEDMAN, DAVID GOLDSTEIN, MOSES STRAUSS, PHILIP STRAUSS, BLUMA STRAUSS, AHRON STRAUSS, ROISIE ENGELMAN, JOSEPH STRAUSS, TZVI WEISS, LEIB WEISS, Individually and for the Estate of MALKA WEISS, YITZCHAK WEISS, YERUCHAIM WEISS, ESTHER DEUTSCH, MATANYA NATHANSEN, Individually and for the Estate of TEHILLA NATHANSEN, CHANA NATHANSEN, Individually and for the Estate of TEHILLA NATHANSEN, YEHUDIT NATHANSEN, S.N., a minor, HEZEKIAL TOPOROWITCH, PEARL B. TOPOROWITCH, YEHUDA TOPOROWITCH, DAVID

TOPOROWITCH, SHAINA CHAVA NADEL, BLUMY ROM, RIVKA POLLACK, RACHEL POTOLSKI, OVADIA TOPOROWITCH, TEHILLA GREINIMAN, YISRAEL TOPOROWITCH, YITZCHAK TOPOROWITCH, HARRY LEONARD BEER, Individually and as the executor of the Estate of ALAN BEER AND ANNA BEER, PHYLLIS MAISEL, ESTELLE CAROLL, SARRI ANNE SINGER, JUDITH SINGER, ERIC M. SINGER, ROBERT SINGER, JULIE AVERBACH, Individually and for the Estate of STEVEN AVERBACH, TAMIR AVERBACH, DEVIR AVERBACH, SEAN AVERBACH, ADAM AVERBACH, MAIDA AVERBACH, Individually and for the Estate of DAVID AVERBACH, MICHAEL AVERBACH, EILEEN SAPADIN, DANIEL ROZENSTEIN, JULIA ROZENSTEIN SCHON, ALEXANDER ROZENSTEIN, ESTHER ROZENSTEIN, JACOB STEINMETZ, Individually and for the Estate of AMICHAI STEINMETZ, DEBORAH STEINMETZ, Individually and for the Estate of AMICHAI STEINMETZ, NAVA STEINMETZ, ORIT MAYERSON, NETANEL STEINMETZ, ANN COULTER, for the Estate of ROBERT L. COULTER, SR., DIANNE COULTER MILLER, Individually and for the Estate of JANIS RUTH COULTER, ROBERT L COULTER, JR., Individually and for the Estate of JANIS RUTH COULTER, LARRY CARTER, Individually and as the Administrator of the Estate of DIANE LESLIE CARTER, SHAUN CHOFFEL, RICHARD BLUTSTEIN, Individually and for the Estate of BENJAMIN BLUTSTEIN, KATHERINE BAKER, Individually and for the Estate of BENJAMIN BLUSTEIN, REBEKAH BLUTSTEIN, NEVENKA GRITZ, Individually and for the Estate of DAVID GRITZ and NORMAN GRITZ, JACQUELINE CHAMBERS, Individually and as the Administrator of the Estate of ESTHER BABLAR, LEVANA COHEN, Individually as the Administrator of the Estate of Esther BABLAR, ELI COHEN, SARAH ELYAKIM, JOSEPH COHEN, GRETA GELLER, as the Administrator of the Estate of HANNAH ROGEN, ILANA DORFMAN, as the Administrator of the Estate of HANNAH ROGEN, REPHAEL KITSIS, as the Administrator of the Estate of HANNAH ROGEN, TOVA GUTTMAN, as the Administrator of the Estate of HANNAH ROGEN, TEMIMA SPETNER, JASON

KIRSCHENBAUM, ISABELLE KIRSCHENBAUM, Individually and for the Estate of MARTIN KIRSCHENBAUM, JOSHUA KIRSCHENBAUM, SHOSHANA BURGETT, DAVID KIRSCHENBAUM, DANIELLE TEITELBAUM, NETANEL MILLER, CHAYA MILLER, AHARON MILLER, SHANI MILLER, ADIYA MILLER, ALTEA STEINHERZ, JONATHAN STEINHERZ, TEMIMA STEINHERZ, JOSEPH GINZBERG, PETER STEINHERZ, LAUREL STEINHERZ, GILA ALUF, YITZHAK ZAHAVY, JULIE ZAHAVY, TZVEE ZAHAVY, BERNICE ZAHAVY,

*Plaintiffs-Appellants*,

ARIE MILLER,

*Plaintiff*,

v.                                                    No. 22-1039

BLOM BANK SAL,

*Defendant-Appellee.*

_____

FOR APPELLANTS:                MICHAEL RADINE (Gary M. Osen, Aaron Schlanger, *on the brief*), Osen LLC, Hackensack, NY.

FOR APPELLEE:                  MICHAEL MCGINLEY, Dechert LLP, Philadelphia, PA.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order entered on April 8, 2022 is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiffs-Appellants are victims and their family members of attacks carried out by HAMAS, a group the United States has designated as a foreign terrorist organization. In January 2019, Plaintiffs sued Defendant-Appellee BLOM Bank SAL ("BLOM Bank") for aiding and abetting HAMAS by providing financial services to certain customers Plaintiffs allege are affiliated with HAMAS, in violation of the Anti-Terrorism Act, 18 U.S.C. § 2333, as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"), *id.* § 2333(d)(2). A year later, the district court dismissed Plaintiffs' complaint for failure to state a claim upon which relief may be granted. *Honickman for Estate of Goldstein v. BLOM Bank SAL*, 432 F. Supp. 3d 253, 271 (E.D.N.Y. 2020) ("*Honickman I*").

On appeal, a panel of this Court concluded that the district court applied the wrong legal standard for aiding-and-abetting liability under JASTA. Nonetheless, we affirmed the district court's judgment because Plaintiffs' complaint still failed to state a claim under the correct standard. *Honickman v. BLOM Bank SAL*, 6 F.4th 487, 490 (2d Cir. 2021) ("*Honickman II*").

4

Armed with this Court's clarifications, Plaintiffs returned to the district court and moved under Federal Rules of Civil Procedure 60(b)(6) and 15(a)(2) to vacate the judgment of dismissal and grant them leave to file a first amended complaint. The court denied Plaintiffs' motion in an April 2022 order, *Honickman v. BLOM Bank SAL*, No. 19-CV-0008, 2022 WL 1062315, at *5 (E.D.N.Y. Apr. 8, 2022) ("*Honickman III*"), which Plaintiffs now appeal. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to vacate and remand.

We review for abuse of discretion both a district court's "denial of a motion to vacate a judgment under Rule 60(b)(6)" and its "denial of a post-judgment motion for leave to replead." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023).[1] That means "we must affirm the denial of vacatur, unless the ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id*. Where, as here, plaintiffs "seek to file a first amended complaint . . . it is an abuse of discretion to deny post judgment relief 'without any justifying reason,' such as 'undue delay, bad faith or dilatory

---

[1] In quotations from case law and the parties' briefing, this opinion omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Id.* at 362 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

We conclude that the district court exceeded its discretion by basing its ruling on an erroneous view of the law because it failed to balance Rule 60(b)'s finality principles and Rule 15(a)'s liberal pleading principles.[2]

A plaintiff is ordinarily entitled to Rule 60(b)(6) relief "only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." *Metzler Investment Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020). But "[w]hen vacatur is sought in order to obtain leave to file an amended complaint, special considerations come into play." *Mandala*, 88 F.4th at 361. In such cases, the district court must give "due regard" to "*both* the philosophy favoring finality of judgments . . . and the liberal amendment policy of Rule 15(a)." *Id.* Therefore, when presented with

---

[2] Because "abuse of discretion," which is a legal term of art, can apply to determinations that do not involve "'abuse' in the ordinary sense of the word," we use the more precise term "exceeded" to describe the same thing. *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 666 n.1 (2d Cir. 2023).

a motion to vacate and amend, the district court is required to consider Rule 60(b) finality and Rule 15(a) liberality in tandem.

Here, the district court evaluated Plaintiffs' motion under only Rule 60(b)'s standard. The court concluded that it "would be contradictory to entertain a motion to amend the complaint" under Rule 15(a) without "a valid basis to vacate the previously entered judgment" under Rule 60(b). *Honickman III*, 2022 WL 1062315, at \*2 n.2. As a result, it incorrectly treated Plaintiffs' motion to vacate and amend as calling for two distinct analyses, requiring Plaintiffs to successfully navigate Rule 60(b)'s finality gauntlet before they could invoke Rule 15(a)'s liberal repleading policy. The district court's framework for analyzing Plaintiffs' motion was erroneous as a matter of law.

We accordingly vacate the district court's order and remand the case for the court to reconsider Plaintiffs' motion applying the above standards. In doing so, the district court should balance Rule 60(b)'s finality and Rule 15(a)'s liberal amendment policies, and it should examine all the "special considerations [that] come into play" "[w]hen vacatur is sought in order to obtain leave to file an amended complaint." *Mandala*, 88 F.4th at 361. Our discussion of the various

considerations in *Mandala* will be particularly helpful to the district court's analysis.  *Id*. at 361–65.

For the foregoing reasons, the District Court's order is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this summary order.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court